UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-5416-CBM-(Ex) | Date | July 9, 2024 |

| | |
|---|---|
| Title | *John Doe v. John Doe et al.* |

| | |
|---|---|
| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE:   PLAINTIFF'S "ADMINISTRATIVE MOTION TO FILE"   [5]**

On June 26, 2024, Plaintiff (proceeding under a pseudonym) filed the Complaint in this action and a Request to Proceed in Forma Pauperis.  (Dkt. Nos. 1, 3.)  On July 3, 2024, the Court denied the Request to Proceed in Forma Pauperis for lack for subject matter jurisdiction without further leave to amend, and the case was dismissed without prejudice.  (Dkt. No. 9.)

On June 26, 2024, Plaintiff also filed a document titled "Administrative Motion to File."  (Dkt. No. 5.)  It is unclear what relief Plaintiff seeks in the "Administrative Motion to File."  The motion, however, states it is brought "[p]ursuant to Civil Local Rules 79-5 and 7-11 and the Amended Protective and Confidentiality Order entered by the Court on September 6, 2017."  Local Rule 7-11, which relates to continuance of a hearing date, does not apply here because there are no hearings set in this action.[1]  Moreover, this action was filed on June 26, 2024, and therefore no protective and confidential order could have been entered by this Court in this action on September 6, 2017.

To the extent Plaintiff's motion is brought pursuant to Local Rule 79-5 which applies to under seal documents, it is unclear what documents Plaintiff seeks to file under seal.  The motion states "a

---

[1] Local Rule 7-11 provides:  "Unless the order for continuance shall specify otherwise, the entry of an order continuing the hearing of a motion automatically extends the time for filing and serving opposing papers and reply papers to twenty-one (21) days and fourteen (14) days, respectively, preceding the new hearing date. A stipulation to continue shall provide the date the opposition and reply papers are due to be filed with the Court."

complete, unredacted copy of the document(s) for which permission to file under seal is requested has been lodged with the court clerk [electronically]," but no such documents have been electronically lodged.  Moreover, the motion states "a publicly accessible version of the document(s) is attached hereto as Exhibit A, redacting only those portions of the document(s) that are the subject of this Motion," but no exhibit is attached to the motion.[2]   The motion also fails to comply with Local Rule 79-5.2.2's requirement that a party seeking to file a document under seal must submit (1) "[a] declaration" "establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should not be overcome, with citations to the applicable legal standard"; and (2) "[a] proposed order, narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to be filed under seal."

Accordingly, Plaintiff's "Administrative Motion to File" is **denied without prejudice**.

**IT IS SO ORDERED.**

---

[2] Local Rule 79-5.2.2 requires a party seeking to file a document under seal file "[a] redacted version of any document(s) of which only a portion is proposed to be filed under seal" or "[a]n unredacted version of the document(s) proposed to be filed under seal."